NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 12 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30257 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00001-BMM-1 |
| v. | |
| BRANDON RAY BUCKLES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted December 6, 2016**
Seattle, Washington

Before: McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

Brandon Buckles appeals his conviction for one count of sexual abuse, 18

U.S.C. §§ 1153(a), 2242, and one count of making a false statement to a federal

officer, 18 U.S.C. § 1001(a)(2). We review for abuse of discretion the exclusion of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

evidence. *Wood v. Alaska*, 957 F.2d 1544, 1550 (9th Cir. 1992). We review de novo the denial of the motion for a judgment of acquittal, and we will not overturn the conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Norwood*, 603 F.3d 1063, 1068 (9th Cir. 2010) (quoting *United States v. Rios*, 449 F.3d 1009, 1011 (9th Cir. 2006)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We are not persuaded by Buckles's argument that excluding evidence of his prior sexual relationship with the victim violated his Sixth Amendment rights. Buckles failed to raise this argument at trial, and he has not established that the district court committed plain error in excluding the evidence here. *See United States v. Pino-Noriega*, 189 F.3d 1089, 1097 (9th Cir. 1999). Additionally, the record reflects that the district court appropriately considered Buckles's interest in admitting the evidence, its probative value, and its prejudicial effect. *See Wood*, 957 F.2d at 1551–54. Buckles was granted leeway during cross examination—by, for instance, eliciting testimony regarding the victim's general dislike for Buckles and her contradictory statements during the investigation—which gave the jury "sufficient information" to assess the victim's credibility. *See id.* at 1550 (internal

2

quotation marks and citation omitted).  In any event, excluding this evidence did not prejudice the outcome of the trial given the compelling DNA evidence supporting Buckles's conviction.  *See United States v. Valensia*, 299 F.3d 1068, 1076–77 (9th Cir. 2002) (citation omitted).

Buckles's contention that substantial evidence does not support the materiality element under 18 U.S.C. § 1001 also fails.  Under § 1001, "[a] statement is considered material if it has the propensity to influence agency action; actual influence on agency action is not an element of the crime."  *United States v. Vaughn*, 797 F.2d 1485, 1490 (9th Cir. 1986) (citation omitted).  Viewing the evidence in the light most favorable to the government, the trial testimony reflected that Buckles's false statements influenced the investigating agent's actions and decisions.  Buckles even acknowledged that the statements were "important."  As such, there was substantial evidence presented upon which a reasonable jury could find that Buckles's false statement was material.

**AFFIRMED.**